

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# Spruill v. Gillis

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Spruill v. Gillis" (2009). *2009 Decisions*. Paper 1331.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1331

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3286

———————

ROBERT SPRUILL

Appellant
v.

FRANK GILLIS; C.O. GOOLIER;
M.D. MCLAUGHLIN;
P.A. BROWN

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-01625)
District Judge: Honorable Thomas I. Vanaskie

———————

Argued March 24, 2009

———————

Before: RENDELL, AMBRO and JORDAN, Circuit Judges

(Opinion filed May 22, 2009)

Fred T. Magaziner, Esquire (Argued)
Elizabeth H. Kimmelman, Esquire
Dechert LLP
Cira Center. 2929 Arch Street
Philadelphia, PA   19104

        Counsel for Appellant

Alan S. Gold, Esquire (Argued)
Gold & Ferrante, P.C.

261 Old York Road, Suite 526
Jenkintown, PA 19046

Counsel for Appellees

_____

OPINION OF THE COURT

_____

AMBRO, <u>Circuit Judge</u>

In August 2001, Robert Spruill brought a *pro se* 18 U.S.C. § 1983 action in the

Middle District of Pennsylvania against Dr. Shawn McGlaughlin and Physicians'

Assistant Brian Brown, who at the time were employed by Prison Health Services, Inc., a

private corporation that supplied medical services to inmates at the State Correctional

Institution at Coal Township ("SCI-Coal Township").[1]  Spruill's complaint alleged that,

during the roughly six weeks in which he was housed at SCI-Coal Township,

McGlaughlin and Brown deliberately withheld necessary treatment for his back condition

in violation of his rights under the Eighth Amendment of our Constitution.

At issue is whether the District Court abused its discretion in denying Spruill's

multiple motions to have counsel appointed pursuant to 28 U.S.C. § 1915(e)(1), and

whether it erred in granting summary judgment to McGlaughlin and Brown on the basis

_____

[1] The complaint also named two SCI-Coal Township officials—Superintendent
Frank Gillis and Lieutenant Steven Gooler—as defendants.  (In Spruill's complaint,
Gooler's name was misspelled as "Goolier.")  Of the initial defendants, only
McGlaughlin and Brown are parties to this appeal.

2

of the record established.[2]  We affirm both the District Court's denial of Spruill's motions for appointed counsel and its grant of summary judgment.

## I.

Spruill suffers from spondylotic spinal stenosis, a degenerative back condition. According to Spruill's complaint, that condition was aggravated while he was transferred to SCI-Coal Township in May 2001.  The complaint alleged that McGlaughlin and Brown treated him "not as a patient, but as a nuisance," were "insufficiently interested in his health to take the necessary steps to guard against the possibility that his back pain had worsen[ed] or was severe," and, in general, responded "maliciously and sadistically" to his serious medical needs.  More specifically, the complaint asserted, among other things, that (1) McGlaughlin and Brown refused Spruill's requests to be taken to the infirmary (with McGlaughlin explicitly telling him that "you going in the infirmary will never happen"); (2) both McGlaughlin and Brown accused him of "faking" his pain and "playing games"; and (3) they refused to prescribe Spruill new medications, even though he told them the medications they were giving him to treat his pain were not working.

In December 2001, Spruill made a motion to have counsel appointed pursuant to 28 U.S.C. § 1915(e)(1), which the District Court denied, holding both that "the legal

_____

[2] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291 over both the District Court's grant of summary judgment to McGlaughlin and Brown and its prior denials of Spruill's motions for appointed counsel. *See Pacitti by Pacitti v. Macy's*, 193 F.3d 766, 776 (3d Cir. 1999) (explaining that "[s]ince only a final judgment is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings").

3

issues [presented by the case] are relatively uncomplicated," and that Spruill "has demonstrated that he is capable of presenting comprehensible arguments." In March 2002, the defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). In May 2002, the District Court granted the motion, concluding that Spruill failed to exhaust his administrative remedies with regard to Gillis and Brown, and that his claim against McGlaughlin and Gooler failed on the merits because his having received medical attention for his condition precluded him from making the required showing of deliberate indifference to his serious medical needs.

Spruill appealed the orders pertaining to McGlaughlin, Brown and Gooler to our Court, where counsel was appointed for him. In a June 2004 decision, we affirmed the dismissal of the claim against Gooler, but reversed with regard to the claims against McGlaughlin and Brown. *Spruill v. Gillis*, 372 F.3d 218, 238 (3d Cir. 2004). We held, first, that Spruill had not failed to exhaust his administrative remedies, *id.* at 227–235, and, second, that the complaint's allegations against McGlaughlin and Brown were sufficient to survive a motion to dismiss, *id.* at 237–38.

On remand, Spruill made two additional motions to have counsel appointed, one in October 2004, and the other in October 2005, each of which was again denied by the District Court.[3] During discovery, while Spruill was able to serve various interrogatories on McGlaughlin and Brown, he otherwise encountered numerous obstacles. In particular,

---

[3] In addition, Spruill wrote a letter to the Court in February 2006, which, while bringing other issues to the Court's attention, also renewed his request to have counsel appointed.

Spruill was unable to depose either McGlaughlin or Brown, had limited access to his medical records, was unable to obtain an expert, and did not even know how to order his deposition transcript from the court reporter (in fact, he saw a copy of that transcript for the first time when he received it as part of the appendix to McGlaughlin and Brown's subsequent motion for summary judgment).

In March 2006, McGlaughlin and Brown moved for summary judgment. Pursuant to local rules, they submitted a "Statement of Undisputed Facts" in connection with their summary judgment motion. In response, Spruill submitted a "Statement of Disputed Factual Issues." However, rather than addressing McGlaughlin and Brown's specific factual assertions, Spruill's submission essentially reiterated the assertions and legal conclusions contained in his complaint. In June 2007, the District Court granted summary judgment to McGlaughlin and Brown. *Spruill v. Gillis*, No. 3:CV-01-1625, slip op. at 11 (M.D. Pa. June 29, 2007). The Court explained that, in accordance with local rules, it was accepting as true all facts presented in McGlaughlin and Brown's "Statement of Undisputed Facts" unless specifically controverted by Spruill's "Statement of Disputed Factual Issues." *Id.* at 5. The Court determined that "[n]otwithstanding [McGlaughlin and Brown's] assertion to the contrary, [Spruill's] chronic back condition and resulting pain constitute a serious medical need." *Id.* at 4. However, it ultimately concluded that, Spruill's "protestations to the contrary, [his] claim reflects a lay person's disagreement about the course of treatment he received during a relatively brief period of time," not a constitutional violation. *Id.* at 10. Spruill timely appealed.

5

## II.

Again represented by counsel on appeal,[4] Spruill makes two arguments: the

District Court erred in denying Spruill's various motions for appointed counsel, as his

lack of familiarity with the legal system and status as a prisoner significantly impaired his

ability to defeat summary judgment; and, even on the record he created on his own

behalf, McGlaughlin and Brown were not entitled to summary judgment.

### A.

Although indigent civil litigants have "no statutory right to counsel," district courts

nonetheless have "broad discretion to request an attorney to represent an indigent civil

litigant" under 28 U.S.C.§ 1915(e).[5] *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

We use the following analysis for determining whether that discretion was abused. We

ask at the outset whether the underlying claim "has some arguable merit in fact and law."

*Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d

454, 457 (3d Cir. 1997); *Tabron*, 6 F.3d at 155. If so, we then assess the litigant's ability

to manage *pro se* in light of six non-exhaustive factors first articulated in *Tabron*:

> 1. the plaintiff's ability to present his or her own case;

---

[4] We take this opportunity to note that Spruill's court-appointed counsel were exceptional, and to thank them for their time and effort.

[5] "We review a district court's decision to deny counsel to an indigent civil litigant for abuse of discretion." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). A district court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Id.* (internal quotation marks omitted).

6

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499; *Parham*, 126 F.3d at 457; *Tabron*, 6 F.3d at 155–57.

"[W]here a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every effort to obtain counsel." *Parham*, 126 F.3d at 461.

We are persuaded that, were we to reach the *Tabron* factors, Spruill likely would merit appointed counsel. Spruill's inability to conduct adequate discovery, or competently to oppose McGlaughlin and Brown's summary judgment motion, meant that, even had the facts been there for Spruill to prevail, he almost certainly would have been unable to do so. Nonetheless, we do not believe that Spruill's case possesses the requisite "arguable merit in fact and law" to allow us to proceed to the *Tabron* factors.

In *Montgomery*, we indicated that the "arguable merit" analysis pivots around two issues: whether the "allegations clearly state a non-frivolous, prima face case," and, whether "the already established evidence indicates more than an 'extremely thin' chance of success on the merits." 294 F.3d at 501. The first condition is met in this case, since

7

that is what was determined in Spruill's first appeal. *Spruill*, 372 F.3d at 237–38. We do not, however, believe that the second condition is met.

To prevail on his Eighth Amendment claim, Spruill must show that McGlaughlin and Brown acted "with deliberate indifference to his . . . serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). He must establish both an objective element (that he had "serious medical needs" at the relevant time and that the alleged deprivation of treatment for those needs was also "sufficiently serious") and a subjective element (that McGlaughlin and Brown acted with "a sufficiently culpable state of mind"). *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To prevail on the subjective element, it is not enough to establish "malpractice," or a professional "disagreement as to the proper treatment" for the underlying medical condition. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Rather, Spruill must show that McGlaughlin and Brown deliberately "den[ied] reasonable requests for medical treatment, and such denial expose[d him] to undue suffering or the threat of tangible residual injury." *Id.* (internal quotation marks omitted).

It is difficult to see how, even with adequate representation, Spruill would stand any chance of prevailing on the subjective element. At his deposition, Spruill conceded that staff at SCI-Coal Township responded to each of his requests for medical attention, and that, during his stay there, he was prescribed a variety of pain medications, including Prednisone, Motrin, Robaxin, Tylenol, Naprosyn and Feldene. That leaves him basing his claim on the contention that he was denied access both to the infirmary and to

8

prescription narcotics. But the record also establishes that, in February 2001, Spruill was examined by a Dr. Carroll Osgood, who described him as "fairly comfortable at present," and concluded that "his best bet would be simply to wait and see how things progress." As the District Court noted, that report provided "a reasonable basis" for the conservative approach McGlaughlin and Brown took to Spruill's care. *Spruill*, No. 3:CV-01-1625, slip op. at 7.

In sum, it is very difficult to imagine what competent discovery could reasonably be expected to produce that would dislodge the impression that this was simply disagreement over the proper course of treatment and therefore did not rise to the level of a constitutional violation. At worst, McGlaughlin and Brown were overly suspicious that Spruill was engaging in drug-seeking behavior or overdramatizing his level of pain. If so, that does not amount to an Eighth Amendment violation.

Spruill contends that it is improper to deny him appointed counsel on the basis of a record that was created without his having the benefit of counsel. In particular, he argues that he should be given the opportunity to flesh out the contention he raised in his deposition that McGlaughlin and Brown maliciously denied him access to the infirmary and to prescription narcotics in order to punish him for participation in past lawsuits. We appreciate Spruill's concern about judging the worthiness of his case for appointed counsel based on a record developed while Spruill was *pro se*. That is why our focus is not on whether the record, as it stands now, would allow him to defeat summary judgment. Rather, it is on whether that record "indicates more than an 'extremely thin'

9

chance of success on the merits" were Spruill to have the opportunity to develop it further. *Montgomery*, 294 F.3d at 501. That standard is not met here. At his deposition, Spruill had the opportunity to state facts that would give us pause as to whether McGlaughlin and Brown were indeed deliberately indifferent toward his pain and condition. Instead, he provided only conclusory testimony as to their motivations, without any evidence of specific conduct (apart from instances of rudeness) to support it. Accordingly, it was not an abuse of discretion to deny Spruill's motions for appointed counsel.

## B.

Spruill also argues that the record created does not support the District Court's grant of summary judgment.[6] As noted above, that record clearly indicates both that McGlaughlin and Brown treated Spruill's condition and that their treatment had a medical basis. Spruill argues, however, that the District Court employed the wrong standard for deliberate indifference when it noted, in support of its decision, that "[t]here is no evidence that [McGlaughlin and Brown] were motivated in some manner to cause [Spruill] to suffer needlessly." *Spruill*, No. 3:CV-01-1625, slip op. at 10. But whether the District Court misstated the applicable legal standard is immaterial to the disposition of this case. In reviewing a grant of summary judgment, our focus is on whether the

---

[6] "Our review of the [D]istrict [C]ourt's grant of summary judgment is plenary." *Jakimas v. Hoffmann La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007). As such, "[w]e apply the same standard employed by the district court, and view the facts in the light most favorable to the non-moving party." *Id.*

10

record supports the District Court's order, not the specific contours of the District Court's analysis. *See Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 416 (3d Cir. 2008). That record provides no basis for concluding that McGlaughlin and Brown violated Spruill's Eighth Amendment rights. Accordingly, the grant of summary judgment was proper.

\* \* \* \* \*

In this context, we affirm both the District Court's denial of Spruill's motions for appointed counsel and its grant of summary judgment to McGlaughlin and Brown.